IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SPEAR, et al** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **FENKELL, et al.** | : | **NO. 13-02391** |

## OPINION

The Defendants, David B. Fenkell, Karen G. Fenkell, and DBF Consulting, LLC, Paul Sefcovic, Lianne Sefcovic and Student Loan Advisory Management Services LLC, have filed a motion seeking to take 20 hours of deposition testimony from Plaintiff Barbie Spear. Docket No. 197. As Defendants mention, there are multiple parties, they assert a variety of claims, and the events described in the Complaint cover a period years. Docket No. 197-1, p. 2-8.

Fed. R. Civ. Pro. 30(d)(1) limits a deposition to "1 day of 7 hours," unless the parties agree otherwise or the court orders. Anyone who has experienced a deposition as a witness can attest to the simple humanity underlying the rule. Nothing in the text of the rule suggests the defendants' reading - that "1 day of 7 hours" is a starting point, to be multiplied by the number of parties who might wish to depose a witness under oath. Docket No. 197-1, p. 2. To the contrary, Rule 30(a) (2) provides that more than one deposition of an individual in a case requires leave of court. Read together, the two subsections mean that the norm is 1 day of deposition per witness, absent leave of court, never mind how many parties wish to talk to the witness under oath.

It is incumbent upon a party or parties seeking more than 7 hours of time within which to depose a witness to demonstrate why the extra time is needed. Fed. R. Civ. P. 26(b)(2), referred to in Fed. R. Civ. P. 30(d)(1), provides a framework for analyzing whether more time should be allotted. The factors that should be considered are (i) whether the discovery sought is unreasonably cumulative, (ii) whether the same purpose can be accomplished through other devices in a less burdensome way, (iii) whether the burden of the discovery sought is commensurate with the importance of the discovery in resolving issues in the case.  *See* Fed. R. Civ. P. 26(b)(2); *Roberson v. Bair,* 242 F.R.D. 130, 138 (D.D.C. 2007).

Depositions tend to be governed by Boyle's Law. Efforts to expand the time for depositions should be resisted unless the necessity becomes manifest, which it has not here. Rule 30(d)(1)'s presumptive limit on the time available for depositions has the salutary effect of focusing the parties on what is important. Given the concerns expressed in Fed. R. Civ. P. 1, dispensing with the limit based on predictions, rather than a concrete record, seems inadvisable.

In this case there has been no particularized showing of why 20 hours is needed, and why the same effect could not be accomplished in less time or by other devices. Neither is it clear that the burden of the discovery is commensurate with its value in resolving issues in the case.  The defendants have pointed to the large amount of claims, parties and documents in the case. True enough, but there is deep and broad duplication in the various counterclaims, cross-claims and third-party claims, as a careful reading of all the outstanding motions has convinced me. At oral argument counsel adverted to 500,000 to 600,000 pages of documents produced so far. That number is not

illuminating, as there is no way to tell what percentage of the documents produced might be reasonably important to go over with Ms. Spear under oath. There has been no discussion of other devices that might minimize the amount of time taken up introducing and discussing documents during a deposition of Ms. Spear. *See, e.g.,* Fed. R. Civ. P. 31, 33, 36; *Harris v. Miracle Appearance Reconditioning Specialists Int'l, Inc.,* 2007 WL 2749434 (S.D. Ind. Sept. 20, 2007).

    Mr. Fenkell's deposition apparently was accomplished in just one day. Docket No. 197-2 (Exhibit No. 1), p. 7. Based on the pleadings and motions filed so far, the ground covered with Mr. Fenkell was probably as extensive as that necessary to cover with Ms. Spear. The parties may well be able to manage Ms. Spear's deposition with the same efficiency as they did Mr. Fenkell's. It is not out of the question that more than 1 day of testimony from Ms. Spear might be necessary, but I prefer to allow the parties to proceed with 1 day of testimony, and then see if more is needed. *See Malec v. Trustees of Boston Coll.,* 208 F.R.D. 23, 24 (D. Mass. 2002). The parties may stipulate to more time, if reasonably needed,[1] or I will decide the issue based on a clear record. *See Miller v. Waseca Med. Ctr.,* 205 F.R.D. 537, 541 (D. Minn. 2002).

    The parties adverse to Ms. Spear should agree on an allocation of the 7 hours of deposition time for which she will be available. If they cannot agree on an appropriate allocation, the parties can schedule a telephone conference with me and we will resolve it without the need of additional written motions. An order is filed with this opinion.

---

[1] For instance, Ms. Spear and her counsel may decide it would be more efficient to come to a stipulation permitting more than 1 day of deposition testimony, rather than risk having to reschedule more deposition time after an interlude of motion practice.

illuminating, as there is no way to tell what percentage of the documents produced might be reasonably important to go over with Ms. Spear under oath. There has been no discussion of other devices that might minimize the amount of time taken up introducing and discussing documents during a deposition of Ms. Spear. *See, e.g.,* Fed. R. Civ. P. 31, 33, 36; *Harris v. Miracle Appearance Reconditioning Specialists Int'l, Inc.,* 2007 WL 2749434 (S.D. Ind. Sept. 20, 2007).

Mr. Fenkell's deposition apparently was accomplished in just one day. Docket No. 197-2 (Exhibit No. 1), p. 7. Based on the pleadings and motions filed so far, the ground covered with Mr. Fenkell was probably as extensive as that necessary to cover with Ms. Spear. The parties may well be able to manage Ms. Spear's deposition with the same efficiency as they did Mr. Fenkell's. It is not out of the question that more than 1 day of testimony from Ms. Spear might be necessary, but I prefer to allow the parties to proceed with 1 day of testimony, and then see if more is needed. *See Malec v. Trustees of Boston Coll.,* 208 F.R.D. 23, 24 (D. Mass. 2002). The parties may stipulate to more time, if reasonably needed,[1] or I will decide the issue based on a clear record. *See Miller v. Waseca Med. Ctr.,* 205 F.R.D. 537, 541 (D. Minn. 2002).

The parties adverse to Ms. Spear should agree on an allocation of the 7 hours of deposition time for which she will be available. If they cannot agree on an appropriate allocation, the parties can schedule a telephone conference with me and we will resolve it without the need of additional written motions. An order is filed with this opinion.

---

[1] For instance, Ms. Spear and her counsel may decide it would be more efficient to come to a stipulation permitting more than 1 day of deposition testimony, rather than risk having to reschedule more deposition time after an interlude of motion practice.

**BY THE COURT:**


*s/Richard A. Lloret*

**RICHARD A. LLORET**
**UNITED STATES MAGISTRATE JUDGE**