IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SPEAR, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FENKELL, et al. | : | NO. 13-02391 |

RICHARD A. LLORET                              February 6, 2015
U.S. MAGISTRATE JUDGE

### MEMORANDUM

Defendant David B. Fenkell (Fenkell) has moved under Fed. R. Civ. P. 12(b) to dismiss Alliance Holdings, Inc. (Alliance) Tenth Claim for Relief in the First Amended Complaint. *See* Memorandum of Law in Support of Motion to Dismiss Plaintiffs' Tenth Claim, Doc. No. 167-1, at 2 ["Fenkell Br."]. In the alternative, Fenkell asks the court to decline to exercise supplemental jurisdiction over Alliance's Tenth Claim for relief and any similar state law claims for relief found in the First Amended Complaint. *Id.* The amended complaint (Doc. No. 68) alleges in the Tenth Claim that Fenkell breached his fiduciary duties to Alliance in various ways. *See* Amended Complaint, Doc. No. 68, ¶¶ 220-27.

In response, Fenkell has filed this motion to dismiss the Tenth Claim of the Amended Complaint, arguing that "Alliance's Tenth Claim for Relief is improperly and inappropriately brought in [federal court], that very same Claim for Relief having been brought first as a 'New Matter' in the previously-filed pleading of Alliance in the case of *David B. Fenkell v. Alliance Holdings, Inc.*, No. 130303417 in the Court of Common Pleas for Philadelphia County, Pennsylvania." *See* Fenkell Br. at 2. Fenkell continues by explaining that because Alliance, in the Pennsylvania State Case, alleges that he breached various duties owed to the company, Alliance has put "at issue" in the state

case "a claim relating to whether David Fenkell breached his fiduciary duty under Pennsylvania law to Alliance." *See id.* at 3.

These allegations were raised in the state case by Alliance in their Answer and New Matter. *Id.* Fenkell argues that because the Tenth Claim in the federal dispute before me and the claims raised in the state case are identical, this court should not adjudicate the matter while the claim is pending before the Pennsylvania state courts. *Id.* at 4. In support of the Tenth Claim's failure as a matter of law, Fenkell cites to the doctrine of "claim-splitting," a prohibition against litigating claims piecemeal arising out of a single cause of action. *Id.* at 6 (citing *In re Wilson*, 104 B.R. 303 (E.D. Cal. 1989). In the alternative, Fenkell argues that if I find that the Tenth Count does not fail as a matter of law, I should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Fenkell Br. at 8.

In their brief in opposition to dismiss the Tenth Claim, Alliance argues that the claim-splitting doctrine does not apply in this action. *See* Alliance Brief in Opposition of David B. Fenkell's Motion to Dismiss, Doc. No. 181, at 5 ["Alliance Br."]. They also argue that supplemental jurisdiction over state law claims is proper under 28 U.S.C. § 1367(a). *Id.* at 8-9. After examining both arguments closely, I find that dismissing the Tenth Claim of the Amended Complaint would be inappropriate at this juncture and will deny Fenkell's Motion to Dismiss.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint "does not need detailed factual allegations," but "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Id.* at 556.

The Court of Appeals has made clear that after *Iqbal* "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, a complaint must set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In *Fowler* the Court of Appeals set forth a two part-analysis for reviewing motions to dismiss in light of *Twombly* and *Iqbal*:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Id.* at 210-11, *quoting Iqbal*, 556 U.S. at 679. The Court explained that "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* (*citing Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'") *Iqbal*, 556 U.S. at 679, (*quoting*

3

Fed. R. Civ. P. 8(a)(2))). The evidence will be viewed in the light most favorable to the non-moving party. *See Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

### 1. <u>**Claim Splitting is not Applicable in the Instant Matter**</u>

Claim-splitting has been called a rule against duplicative litigation and is sometimes characterized as a component of the doctrine of *res judicata. See Prewitt v. Walgreens Co.*, No. 12-cv-6967, 2013 WL 6284166, at *5 (E.D. Pa. Dec. 2, 2013) (citing *Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, Civ. No. 08-309-JJF-LPS, 2009 WL 2016436, at *3 (D. Del. July, 9, 2009)). *Res judicata* serves to bar claims that were brought, or could have been brought, in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Similarly, claim-splitting prevents a plaintiff from litigating his case piecemeal "or present[ing] only a portion of the grounds upon which special relief is sought, and leav[ing] the rest to be presented in a second suit, if the first fail." *See United States v. Haytian Republic*, 154 U.S. 118, 125 (1894). Claim-splitting considerations may be triggered when "two suits are pending at the same time." *See Sensormatic Sec. Corp. v. Sensormatic Electronics Corp.*, 329 F.Supp.2d 574, 579 (D. Md. 2004). In the Third Circuit, a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir.1997) (citations omitted).

In the state action, Alliance filed an Answer and New Matter to the claims asserted by David Fenkell. Section 1030 of the Pennsylvania Code states that "all affirmative defenses. . . shall be pleaded in a responsive pleading under the heading 'New Matter.' A party may set forth as new matter any other material facts which are not

merely denials of the averments in the preceding pleading." *See* 231 Pa. Code § 1030(a). Fenkell argues that because Alliance put "at issue" claims related to Fenkell's breach of fiduciary duty under Pennsylvania law on May 2, 2013, it would be improper for this court to decide the outcome of the Tenth Claim while an "identical" count is pending before the state courts. *See* Fenkell Br. at 3-4. Alliance argues that they did not pursue counterclaims in the state court actions, only affirmative defenses under "Rule 1030 of the Pennsylvania Rules of Civil Procedure, whereas Rule 1031[1] addresses counterclaims." Alliance Br. at 7.

Thus, as a plaintiff, Alliance brought all of its claims in this action and did not engage in claim-splitting as alleged by Fenkell. Fenkell's primary support for his claim-splitting argument is an unpublished case out of the District of Massachusetts. *See Fernandes v. Quarry Hills Assocs.*, No. 09-11912-JGD, 2010 WL 5439785 (D. Mass. Dec. 28, 2010). In *Fernandes* two plaintiffs brought an action against their former employer claiming they were not paid for overtime work in violation of the Fair Labor Standards Act (FLSA). *Id.* at *1. Because the plaintiffs could have litigated these claims in an earlier state court action, the court barred them from pursuing those claims in federal court. *Id.*

*Fernandes* does not match up with the facts before me: Alliance asserted affirmative defenses responding to allegations made by Fenkell in the state court action. Alliance was required to assert defenses pursuant to 231 Pa. Code § 1032(a): "A party waives all defenses and objections which are not presented either by preliminary objection, answer

---

[1] "The defendant may set forth in the answer under the heading 'Counterclaim' any cause of action cognizable in a civil action which the defendant has against the plaintiff at the time of filing the answer." *See* 231 Pa. Code 1031(a).

5

or reply, except a defense which is not required to be pleaded under Rule 1030(b). . . ²" In order not to waive these claims, they asserted various defenses in their Answer and New Matter. Alliance did not, as they state in their brief, file counterclaims pursuant to Rule 1031. *See* Alliance Br. at 7. Fenkell's argument that the Tenth Count should be dismissed as a matter of law under the doctrine of claim-splitting is without merit.

### 2. The Court has Supplemental Jurisdiction Over the State Law Claims

Fenkell's second argument is that I should decline to exercise supplemental jurisdiction over the Tenth Claim. He writes that "[s]upplemental jurisdiction is permissive and the exercise of discretion here will allow Alliance's ERISA claims to proceed in this Court and the Pennsylvania state law claims of Alliance to proceed in the Pennsylvania State Case." *See* Fenkell Br. at 8. In response, Alliance writes that "the ERISA breach of fiduciary duty claims and the state-law breach of corporate fiduciary duty claim share a common nucleus of operative facts." Alliance Br. at 9. Reading the substance of 28 U.S.C. § 1367(a), I agree with Alliance's argument and will deny Fenkell's request.

Section 1367(a), which governs supplemental jurisdiction, states, in part, that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

*See* 28 U.S.C. § 1367(a). A basic principle of supplemental jurisdiction is that "state and federal claims must derive from a common nucleus of operative fact." *See United Mine*

---

² Rule 1030(b) states that "[t]he affirmative defenses of assumption of the risk, comparative negligence and contributory negligence need not be pleaded."

*Works of Am. v. Gibbs*, 383 U.S. 715, 625 (1966). These claims must also be part of the "same case or controversy under Article III." *Krell v. Prudential Ins. Co. of Am.* 148 F.3d 283, 303 (3d Cir. 1998). This statute does not, however, allow courts to have jurisdiction over "tangentially related claims." *See id.*

The Court of Appeals has noted circumstances where a district court may decline to exercise supplemental jurisdiction. These include 1) a claim that raises a novel or complex issue of state law, 2) the claim substantially predominates over other claims that the district court has jurisdiction over, 3) the district court has dismissed all claims over which it had original jurisdiction, or 4) other exceptional circumstances supplying compelling reasons for declining jurisdiction. *See De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003) (citing 28 U.S.C. § 1367(c)(1)-(4)). Courts have relinquished jurisdiction in cases where state law claims unquestionably predominate over federal cause of action. *See id* at 309; *Mitich v. Lehigh Valley Restaurant Grp., Inc.*, No. 12-3825, 2012 WL 6209957, at *9-10 (E.D. Pa. Dec. 12, 2012).

In further support of his position, Fenkell asks that I consider "such factors as comity, judicial economy, convenience, and fairness in deciding whether to exercise jurisdiction over pendent state law claims, as well as the avoidance of unnecessarily deciding state law." *See* Fenkell Br. at 8 (citing *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999) (additional citations omitted)). Given these considerations, and the importance of adjudicating matters arising out of the same common nucleus of operative fact, I believe it would be inappropriate to dismiss this Tenth Claim. That claim admittedly rests on a Pennsylvania statute governing the duties one must undertake as President, CEO, and sole director of Alliance. *See* Amended Complaint, Doc. No. 68, ¶ 220 (citing 15 Pa. Cons. Stat. § 1712). But given that ERISA

7

claims and considerations dominate the Amended Complaint, along with much of the litigation and briefing in this case, there are no valid reasons for me to decline to exercise supplemental jurisdiction on this state law claim.[3]

Alliance is correct in stating that even if the Tenth Count were limited to Fenkell's employment agreement, "supplemental jurisdiction would still be warranted because the ERISA claims encompass the same facts." Alliance Br. at 9. Fenkell has not demonstrated under 28 U.S.C. § 1367(c) that there is a tangible exception that would allow me to decline jurisdiction. *See id.* at 9-10. Dismissing this claim would only serve to delay proceedings and require amendments and changes to the state court action. Given the relationship between the cause of action and the various federal claims this court has jurisdiction over, severing the Tenth Claim from this action would needlessly delay this proceeding while potentially derailing the progress of the state court action.

*s/Richard A. Lloret*

HON. RICHARD A. LLORET
U.S. Magistrate Judge

---

[3] In passing, Fenkell also asks me to decline to exercise jurisdiction over "any other state law claims for relief, such as Alliance's Ninth Claim for Relief (for Fraud). . ." *See* Fenkell Br. at 9. While the brief does discuss the possibility of dismissing any state law claims on the basis of ERISA preemption, it fails to engage in any analysis. *See* Fenkell Br. at 9 n. 4.