IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SPEAR, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FENKELL, et al. | : | NO. 13-02391 |

**RICHARD A. LLORET**  February 5, 2014
**U.S. MAGISTRATE JUDGE**

**MEMORANDUM OPINION**

Barbie Spear, in her capacity as Trustee of the Alliance Holdings, Inc. ("Alliance") Employee Stock Ownership Plan[1] (the "ESOP") has moved under Fed. R. Civ. Pro. 12(b)(6) to dismiss the counterclaims of Paul Sefocovic, Lianne Sefcovic and Student Loan Advisory Management Services, LLC (SLAMS) (collectively, the Sefcovic Parties). Doc. No. 124. In order to put the motion and the counterclaims in context, it is necessary to start with the claims against the Sefcovic Parties. The amended complaint (Doc. No. 68) alleges four causes of action against the Sefcovic Parties:

1. knowing participation in prohibited transaction under the Employee Retirement Income Security Act (ERISA) section 502(a)(3), 29 U.S.C. § 1132(a)(3) (Fourth Claim for Relief, Amended Complaint at ¶¶ 182-84);

2. knowing participation in gratuitous transfers, in violation of ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3) (Fifth Claim for Relief, Amended Complaint at ¶¶ 185-88);

---

[1] Because the distinction matters here, when I refer to Ms. Spear in her capacity as trustee I will use the word "Trustee." When speaking about her in her individual capacity I will use her name.

1

3. aiding and abetting Fenkell in the breach of his corporate fiduciary duties (Eleventh Claim for Relief, Amended Complaint at ¶¶ 228-36); and

4. a civil conspiracy with David B. Fenkell (Thirteenth Claim for Relief, Amended Complaint at ¶¶ 245-55).

In response, the Sefcovic Parties have asserted two counterclaims against Ms. Spear:

1. The Third Counterclaim seeks contribution and equitable indemnification under federal common law and state law in favor of the Sefcovic Parties and against Alliance and Spear. Doc. No. 91 at 78-79.

2. The Fourth Counterclaim, asserted by Lianne Sefcovic and SLAMS, alleges that Alliance and Spear breached an "Advisory Services Agreement" contract with Student Loan Management and Research Services, LLC (SLMRS), and that Lianne Sefcovic and SLAMS were the intended third-party beneficiaries of the contract. Doc. No. 91 at 79-80.

In her motion to dismiss, the Trustee argues that

1. Ms. Spear is improperly named in the counterclaims, as she is not a plaintiff individually, but appears as a plaintiff solely in her capacity as Trustee. Doc. No. 124-1 at 7-10.

2. The counterclaims are "contingent" and therefore improperly pled. Doc. No. 124-1 at 10-11.

3. The counterclaims are not sufficient, under ERISA, because

    A. the Sefcovic Parties are not ERISA fiduciaries and therefore may not bring a contribution or indemnity claim under ERISA, *id.* at 12-13;

2

  B. the Sefcovic Parties have not alleged Ms. Spear functioned as a fiduciary in connection with the transactions at issue, and therefore she cannot answer in contribution or indemnity under ERISA, *id.* at 14-15; and

  C. the Sefcovic Parties have failed to show that Ms. Spear knowingly participated in fiduciary breaches and that she benefitted from the breaches. *Id.* at 15-17.

4. State law contribution and indemnification claims are preempted by ERISA. *Id.* at 17-18.

5. The Sefcovic Parties have failed to state a claim for contribution or indemnification under Pennsylvania law. *Id.* at 18-21.

6. The Sefcovic Parties have not shown that Ms. Spear was a party to the contract alleged in the Fourth Counterclaim. *Id.* at 21-23.

7. The Sefcovic Parties have not shown they were intended beneficiaries to the contract alleged in the Fourth Counterclaim. *Id.* at 22-23.

## STANDARD OF REVIEW

  Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007). A complaint "does not need detailed factual allegations," but "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). This "simply calls

for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Id.* at 556.

The Court of Appeals has made clear that after *Iqbal* "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, a complaint must set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler*, 578 F.3d at 210, *quoting Iqbal*, 556 U.S. at 678. In *Fowler,* the Court of Appeals set forth a two part-analysis for reviewing motions to dismiss in light of *Twombly* and *Iqbal*:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Id.* at 210-11, *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court explained that "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* (*citing Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'–'that the pleader is entitled to relief.'") *Iqbal*, 556 U.S. at 679, (*quoting* Fed. R. Civ. P. 8(a)(2))). The facts must be viewed in the light most favorable to the non-moving party. *See Big Apple BMW, Inc. v. BMW of N. Am., Inc.,* 974 F.2d 1358, 1363 (3d Cir. 1992).

4

1. **The propriety of naming Ms. Spear in a counterclaim.**

   Ms. Spear correctly points out that she is a plaintiff in her capacity as Trustee, and not individually. This distinction matters. *See Alexander v. Todman,* 361 F.2d 744, 746 (3d Cir. 1966). The consequence is that she is improperly named in counterclaims. *See* Fed. R. Civ. P. 13(a), which permits counterclaims against an "opposing party." The Sefcovic Parties appear to concede as much, but point out that the confusion about Ms. Spear's capacity was generated by Ms. Spear's own pleadings. Doc. No. 148 at 8; Doc. No. 91, p. 73, n.1. In order to straighten things out with a minimum of additional pleadings, of which there are already an abundance, I will treat the Third and Fourth Counterclaims, contained in Doc. No. 91, as third-party claims in this memorandum. To avoid confusion I will continue to call them the Third and Fourth Counterclaims. I see no prejudice that can arise from this procedure.

2. **The breach of contract claims against Ms. Spear.**

   Ms. Spear rightly points out that while the Fourth Counterclaim (now a third-party claim) alleges that she breached a contract, she is not alleged to have been a party to the contract. Doc. No. 124-1 at 22-23. This, of course, is fatal. Also fatal is the failure to show that Lianne Sefcovic was an intended beneficiary to the contract, at least as to Lianne Sefcovic's claims. I have already explained this problem elsewhere and need not reiterate the discussion here. *See* Doc. No. [opinion on MTD 125] I will therefore dismiss the Fourth Counterclaim against Ms. Spear.

3. **Federal and state contribution claims.**

   The Sefcovic Parties' Third Counterclaim (now a third-party claim against Ms. Spear) seeks contribution under federal and state law. I have explained my reasoning on this subject elsewhere. *See* Doc. No. 281 at 4-20 (contribution not available under

5

ERISA, federal common law or state law against ERISA claims); 20-34 (contribution claims may be asserted under Pennsylvania law in response to state law causes of action for conspiracy to breach fiduciary duties and aiding and abetting the breach of fiduciary duties).

Consistent with my previous decisions, I will enter an order dismissing the Third Counterclaim insofar as it asserts a contribution remedy in response to the ERISA claims contained in the Fourth and Fifth Claims for Relief in the amended complaint. Doc. No. 68 at ¶¶ 182-88.

As for the state law claims in the Eleventh and Thirteenth Claims for Relief, Doc. No. 68 at ¶¶ 228-36, 245-55, I have found elsewhere that Pennsylvania permits contribution for these intentional torts. Doc. No. 281 at 20-34. Ms. Spear has not addressed the adequacy of the Sefcovic Parties' pleading insofar as it responds to allegations that the Sefcovic Parties aided and abetted, and conspired to commit, a breach of Fenkell's fiduciary duty. Ms. Spear's arguments are focused only on the contribution claim as it relates to ERISA liability. *See* Doc. No. 124-1 at 13-21.

I will therefore dismiss the Third Counterclaim, but I will grant leave to the Sefcovic Parties to file a supplemental third-party complaint asserting a right to contribution against Ms. Spear, individually, under Pennsylvania law, as to the Eleventh and Thirteenth Claims for Relief.[2] If the Sefcovic Parties choose to file such a pleading, I will require them to file and serve it within 14 days of the date of the Order dismissing

---

[2] To survive a motion to dismiss such a pleading must allege facts that plausibly show that Ms. Spear was involved as a joint tortfeasor in aiding and abetting, and conspiring to commit, a breach of fiduciary duty by Fenkell. I am sure that skillful counsel in this case will avoid filing a supplemental pleading if it is likely to be dead on arrival.

the Third Counterclaim. Ms. Spear shall file a response within 14 days after the supplemental third-party complaint is filed.

I note that this realignment, if pursued, would cure the problem identified by Ms. Spear, under *Stahl v. Ohio River Co.,* 424 F.2d 52 (3d Cir. 1970). Doc. No. 124-1, 10-11. *Stahl* held that a contribution claim against one of multiple plaintiffs was not a "mature" claim permitted under Fed. R. Civ. P. 13, because the claim is "contingent upon a verdict and judgment establishing liability of a party as a joint tortfeasor," 424 F.2d at 54-55, and Rule 13 permits only claims that "at the time of [the pleading's] service – the pleader has against an opposing party[.]" Fed. R. Civ. P. 13(a)(1). Ms. Spear asks for dismissal of the claim on this basis. Doc. No. 124-1 at 11.

The remedy in *Stahl* was not so draconian. Rather, *Stahl* approved a remand to permit the district court to realign the parties and their claims, *nunc pro tunc,* so that the defendant could sever the plaintiff, then assert a third party claim for contribution against the former plaintiff in the remaining action in which plaintiff was no longer technically a party. 424 F.2d at 56-57. This procedural gambit works because Rule 14(a)(1), which governs third-party practice, permits the assertion of claims by a defendant against a "nonparty who is or may be liable to it." *Id.*; *see Sporia v. Pennsylvania Greyhound Lines*, 143 F.2d 105, 107 (3d Cir. 1944); *Tiesler v. Martin Paint Stores, Inc.*, 76 F.R.D. 640, 643 (E.D. Pa. 1977); *Campbell v. Meadow Gold Products Co.*, 52 F.R.D. 165, 169-70 (E.D. Pa. 1971). Unmatured claims are permitted under this language.

The procedure is simpler here than the one outlined in *Stahl* and *Sporia*, since Ms. Spear is not a plaintiff, in her individual capacity. Defendant may properly assert its

7

remaining contribution claims against her as a third-party claim. *Stahl*, 424 F.2d at 56-57.

### 4. Indemnification claims.

I have explained elsewhere why there is no federal or state common law indemnification remedy for an ERISA claim. Doc. No. 288 at 11-12. I have also explained that because the two state law claims for relief, in the Eleventh and Thirteenth Claims for Relief (Doc. No. 68 at ¶¶ 228-36, 245-55), are intentional torts, there is no common law indemnification available under Pennsylvania law. Doc. No. 288 at 12-14. I will enter an order dismissing the indemnification claims against Ms. Spear contained in the Third Counterclaim.

**BY THE COURT:**


 *s/Richard A. Lloret*      _
**RICHARD A. LLORET**
**U.S. MAGISTRATE JUDGE**