**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SPEAR, et al.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **FENKELL, et al.** | : | **NO. 13-02391** |

**MEMORANDUM**

Bonnie Metzger, Nick Reutzel, and Gary Whitt ("Intervenors") filed a Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(b). *See* Motion to Intervene, Doc. No. 315. Oral argument on this Motion was held on April 7, 2015.

Intervenors are former employees of Sharon Companies, Ltd., an Alliance Holdings, Inc. subsidiary that was acquired in 1999 or 2000 and who participated in the Alliance ESOP. Having recently become aware of alleged "illegal actions" in diluting the fair market value of their ESOP participant accounts as a result of the settlement in the collateral action in the Western District of Wisconsin, Intervenors seek my leave to intervene. *Chesemore v. Alliance Holdings, Inc.*, No. 09-cv-413-wmc, 2014 WL 4415919 (W.D. Wis. Sept. 4, 2014) (discussing validity of the various settlement agreements in the Tracthe action). The Alliance Parties filed a motion in opposition on March 20, 2015. *See* Doc. No. 326. The Stonehenge Parties have no objection to the intervention, because no claims are asserted. *See* Doc. No. 317.

Federal Rule of Civil Procedure 24(b)(1)(B) provides that "[o]n a timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." In addition, I must determine if permitting the intervention would cause an undue delay or prejudice the rights of the

original parties. Fed. R. Civ. P. 24(b)(3). Finally, I may also consider whether the applicant's contributions to the proceedings would be superfluous. *See In re Stringfree Technologies*, 427 B.R. 337, 350 (E.D. Pa. 2010) (citing *Hoots v. Commonwealth of Pennsylvania*, 672 F.2d 1133, 1136 (3d Cir. 1982)).

Assertion of the dilution theory seems to be the main point of the proposed intervention. In light of my decision to deny the Fenkell Parties' Motion to Amend its pleadings to assert the dilution theory, I will deny the motion to intervene with leave to renew it within 14 days if the putative intervenors determine they wish to join the litigation without asserting the dilution theory. Should they wish to renew their motion, they should do so in compliance with Fed. R. Civ. P. 24(c). They should also carefully address the potential for delay or prejudice to the rights of the original parties, given the age of this case and the deadline for completion of discovery, which is April 29, 2015. Finally, they should address whether their contribution to the proceedings (without the dilution theory) would be superfluous.

BY THE COURT:

*s/Richard A. Lloret*
RICHARD A. LLORET
U.S. Magistrate Judge