IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SPEAR, et al.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **FENKELL, et al.** | : | **NO. 13-02391** |

**RICHARD A. LLORET**                                                              **April 13, 2015**
**U.S. MAGISTRATE JUDGE**

**MEMORANDUM**

Third-Party Plaintiffs David B. Fenkell, DBF Consulting, LLC, and Karen G. Fenkell (the "Fenkell Parties") filed a motion for leave to file a third amended third-party complaint with this court on March 3, 2015. *See* Defendants David B. Fenkell, Karen G. Fenkell, and DBF Consulting, LLC's Motion for Leave to File a Third Amended Third-Party Complaint ("Motion for Leave"), Doc. No. 314. Oral argument on the matter was held on April 7, 2015.

The Fenkell Parties wish to add a Twelfth Cause of Action against "the Doe Defendants, Robert Massengill, Raymond Kalouche, Leo Pound, Thomas Mistler, Kenneth Wanko, Eric Lynn, and Barbie Spear for entering into a settlement agreement in violation of ERISA sections 404 and 406, 29 U.S.C. §§ 1104 and 1106." *See* Motion for Leave, at 2. The Alliance Parties filed a response on March 20, 2015. *See* The Alliance Parties' Opposition to Defendants Motion for Leave to File Third Amended Third-Party Complaint ("Alliance Br."), Doc. No. 325.

The Federal Rules of Civil Procedure allow a party to amend a pleading with the opposing party's written consent or the leave of the court. "The court should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). A court may deny a request

1

to amend only if "'(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (citing *Froman v. Davis*, 371 U.S. 178, 182 (1962)). I find that there has been undue delay in asserting the particular theory contained in the Twelfth Cause of Action, and that the proposed amendment would unfairly prejudice the opposing parties. Accordingly, I will deny the motion to amend.

The proposed Twelfth Cause of Action posits that various officers of Alliance violated ERISA by entering into a settlement agreement that used Alliance common stock to satisfy part of its obligations under the settlement agreement, causing a dilution to the value of the stock. *See* Motion for Leave, Exhibit A, ¶ 182. Dilution of Alliance stock means a dilution in value to the Alliance ESOP, which holds Alliance stock. *Id.* ¶ 183-84.

The difficulty with the position is that the settlement agreement was approved by another court after a painstaking inquiry into its fairness. *See Chesemore v. Alliance Holdings, Inc.*, No. 09–cv–413–wmc, 2014 WL 4415919, at *1-*3 (W.D. Wis. Sept. 5, 2014). David B. Fenkell, the lead defendant here, was also a party in the *Chesemore* litigation and found liable on a number of bases. *See id.* at *12 (holding Fenkell liable for $2 million against the Alliance ESOP and liable for $1.8 million in attorneys' fees).

Even after the Honorable William Conley conducted fairness hearings on these settlements, Fenkell challenged those results on numerous grounds. *See id.* at *4 (challenging attorneys' fees award); *8-*9 (challenging award of prejudgment interest). However, in earlier pleadings in the *Chesemore* action, "Fenkell . . . urge[d] [the] Court [in the *Chesemore* case] to accept the Plan's Motion for Clarification to permit Alliance

2

to use its authorized but unissued common stock to fulfill these [restoration] obligations." *See* Alliance Br. at 4 (citing *Chesemore*, Doc. No. 815 at 3). These restoration obligations were incurred by Alliance, in substantial part, because of Fenkell's ERISA violations. *See Chesemore v. Alliance Holdings Inc.*, 948 F. Supp. 2d 928, 946 (W.D. Wis. 2013) (noting that "of the defendants found liable, Fenkell is far and away the most culpable party"). The *Chesemore* Court ultimately approved the use of common stock to fulfill Alliance's obligations under the settlement. *Chesemore*, 2014 WL 4415919, at *12 (granting final approval of settlement agreements).

Having urged the Court to permit Alliance to use stock to satisfy some of its obligations under the settlement agreement, Fenkell now seeks to sue Alliance for doing so. Motion for Leave, Exhibit A, ¶ 182-84. Alliance argues that judicial estoppel prevents Fenkell from taking these two contradictory positions. Alliance Br. at 4 (*citing G-I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 261 (3d Cir. 2009); *Butler v. Vill. Of Round Lake Police Dep't*, 585 F.3d 1020, 1022 (7th Cir. 2009)). Judicial estoppel is appropriate when a party has (1) "adopted irreconcilably inconsistent positions," (2) adopted these positions in "bad faith," and (3) the judicial estoppel "is tailored to address the harm and . . . no lesser sanction would be sufficient." *Chao v. Roy's Const., Inc.*, 517 F.3d 180, 186 (3d Cir. 2008). Our Court of Appeals has admonished that judicial estoppel is an "extreme remedy, to be used only "when the inconsistent positions are 'tantamount to a knowing misrepresentation to or even fraud on the court.'" *Id.* (quoting *Krystal Cadillac–Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 324 (3d Cir. 2003) (quoting *Total Petroleum, Inc. v. Davis,* 822 F.2d 734, 738 n. 6 (8th Cir. 1987)).

It is not necessary to make a determination on whether judicial estoppel should apply here. Rather, the concerns that underlie the doctrine guide the exercise of my discretion in determining whether to grant leave to amend the third-party complaint. Fenkell's two positions may not be "irreconcilably inconsistent," but if not, they are close. In any event, the two positions are so inconsistent that they cause unfair prejudice to the opposing party, Alliance. Fenkell's failure to bring up the dilution argument to the district court during the *Chesemore* settlement process means that the court and Alliance did not have a fair opportunity to evaluate the position before Alliance relied on the settlement and order approving the settlement to issue stock. Whipsawing is the essence of unfair prejudice.

Neither is it necessary to assess whether Fenkell's new position was adopted in bad faith, an element under judicial estoppel. Such a finding would be fact specific, and a motion to amend a pleading is not the ordinary device for making that determination. However, the fact that Fenkell had a previous opportunity to make his dilution argument to the district court during the *Chesemore* litigation bears heavily on my assessment of whether there has been "undue delay," under all the circumstances. I find that under the particular circumstances of this litigation – which might better be called "litigations," since this is the third and perhaps not last of related lawsuits involving Fenkell and Alliance – Fenkell's delay in asserting his dilution argument is "undue." Whether or not Fenkell's contradictory positions were taken in bad faith or perfect good faith, making the claim now and not to the District Court in Wisconsin unreasonably deprived Alliance of the opportunity to resolve the claim in a timely and orderly setting.

I will deny the motion to amend the third-party complaint to add a twelfth count.

4

I make no finding on the merits of the claim. Since I find that there has been undue delay and prejudice, I need not reach the third of the alternative bases for denying a motion to amend, "futility." Neither do I need to make a determination whether the doctrine of "unclean hands" bars the assertion of this particular claim. Alliance Br. at 10-13 (discussing the doctrine of unclean hands).

I note that this disposition is in accord with *Chao's* direction to apply judicial estoppel – an issue preclusion doctrine – only when "no lesser sanction would be sufficient." 517 F.3d at 186. Denying a motion to amend is not a sanction, and is not a claim preclusion device.[1] It is an exercise in discretion and orderly case management. This case is two years old and is only emerging from fact discovery as a result of the prolonged and strenuous exertions of all counsel. The parties are well represented and have advanced multiple, complex theories of liability against each other. Adding this particular theory to the mix is inappropriate.

BY THE COURT:

*s/Richard A. Lloret*
RICHARD A. LLORET
U.S. Magistrate Judge

---

[1] Counsel for Mr. Fenkell observed at oral argument that if the claim is not litigated here, via amended third-party complaint, it will likely be litigated elsewhere. My opinion does not suggest whether or not such litigation would be appropriate.