# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SPEAR, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FENKELL, et al. | : | NO. 13-2391 |

## O R D E R

Having considered plaintiffs' motion to dismiss, Doc. No. 231, and defendants' response, Doc. No. 238, as well as plaintiffs' reply, Doc. No. 243, and having heard oral argument on April 22, 2015, I have issued with this order a memorandum explaining my reasons for **denying the motion in part and granting it in part.** For the reasons stated in my memorandum, it is on this 12th day of June, 2015,

**ORDERED**

1. The motion to dismiss David Fenkell's claims for indemnification, set forth in the first cause of action within the counterclaim (Doc. No. 168) and in the third-party complaint (Doc. No. 214) for his costs of defending the *Chesemore* litigation **is granted.** David Fenkell's claims for indemnification for the costs of defending the *Chesemore* litigation **are dismissed with prejudice.**

2. As to all other indemnification claims contained in the first causes of action in the counterclaim and third-party complaint, the motion to dismiss **is denied.** All remaining indemnification claims are stayed until they mature. Any party may file a motion to lift the stay, explaining why the indemnification claims have matured.

3. The motion to dismiss the second cause of action in the counterclaim is **granted in part** and **denied in** part, as follows:

  a. As to AHI and AH Transition, the second cause of action **is dismissed.**

  b. Claims for contribution against Alliance for liability arising from the Ninth, Tenth, Thirteenth and Fourteenth claims for relief in the Amended Complaint (Doc. No. 68), **are dismissed with prejudice.**

  c. The motion **is denied** as to all other contribution claims against Alliance.

  d. Claims for contribution against Barbie Spear in her capacity as named Trustee **are dismissed.**

  d. Claims for contribution against Barbie Spear in any other capacity are **dismissed with prejudice.**

4. The motion to dismiss the counterclaim's third cause of action, based on prohibited transactions and predicated on the theory that Alliance assets were ESOP assets, is **granted**, as follows:

  a. To the extent the counterclaim's third cause of action asserts a claim arising from Barbie Spear's status as a named Trustee of the ESOP, it **is dismissed.**

  b. All other claims for relief in the counterclaim's third cause of action **are dismissed with prejudice.**

5. The motion to dismiss the counterclaim's fourth cause of action against Spear and Alliance **is granted,** and the fourth cause of action **is dismissed.**

6. The motion to dismiss the third-party complaint's second cause of action for contribution is **granted in part** and **denied in part**, as follows:

a. Contribution claims based on Barbie Spear's liability as named Trustee of the Alliance ESOP are **dismissed with prejudice.**

b. The motion to dismiss as it pertains to the claims for contribution against Spear, based on a functional fiduciary or "knowing participation" theory under *Harris Trust and Savings Bank v. Salomon Smith Barney,* 530 U.S. 238 (2000), and arising out of the Stonehenge transactions, **is denied.**

c. Other contribution claims against Barbie Spear not arising from the Stonehenge transactions **are dismissed.**

d. The motion to dismiss as it pertains to the claims for contribution against Wanko and Lynn, based on a functional fiduciary or *Harris Trust* theory, and arising out of the Trachte transaction, **is denied.**

e. Other contribution claims against Wanko and Lynn, not arising from the Trachte transaction, **are dismissed.**

f. The motion to dismiss is denied as to contribution claims against Alliance Holdings, Inc.

7. The motion to dismiss the third-party complaint's third cause of action, based on prohibited transactions and predicated on the theory that Alliance assets were ESOP assets, is **granted in part** and **denied in part,** as follows:

a. To the extent that the cause of action alleges "named" fiduciary liability against Spear, it **is dismissed with prejudice.**

b. Insofar as the cause of action purports to allege "functional" fiduciary liability on the part of Barbie Spear, the allegations of the third cause of action **are dismissed.**

      c. Insofar as the third-party complaint's third cause of action alleges liability based on *Harris Trust*, the motion **is denied.**

8. The motion to dismiss the fourth cause of action in the third-party complaint, against Kenneth Wanko, Eric Lynn, and Doe Defendants, **is denied.**

9. The motion to dismiss the third-party complaint's fifth cause of action is **granted in part** and **denied in** part, as follows:

      a. The motion **is granted** and the fifth cause of action **is dismissed** as to Barbie Spear.

      b. The motion **is denied** as to Kenneth Wanko and Eric Lynn.

10. The motion to dismiss the third-party complaint's eighth cause of action, alleging a failure to monitor Barbie Spear, **is granted.** The eighth cause of action **is dismissed**, as follows:

      a. Claims based on the counterclaim's first and fourth causes of action **are dismissed with prejudice**.

      b. Claims based on the counterclaim's second and third cause of action **are dismissed with prejudice,** except that, to the extent they are based on a theory of Ms. Spear's fiduciary breaches as a named Trustee of the ESOP, they are **dismissed with leave to amend.**

      c. With respect to claims in the counterclaim's second and third cause of action that are based on any theory other than Ms. Spear's fiduciary breaches as a named Trustee of the ESOP, defendants may seek leave to amend the eighth cause of action provided the predicate fiduciary breaches are properly alleged by way of third-party claim.

    d. Claims based on paragraph 130 of the eighth cause of action **dismissed with prejudice.**

11. The motion to dismiss the third-party complaint's ninth cause of action **is granted.** The ninth cause of action is dismissed.

12. The motion to dismiss the third-party complaint's tenth cause of action **is granted**. The third-party complaint's tenth cause of action **is dismissed** for failure to comply with Fed. R. Civ. Pro. 23.1.

14. The motion to dismiss the third-party complaint's eleventh cause of action **is denied.**

16. The motion to dismiss Fenkell's equitable claims, based on his alleged unclean hands, **is denied.**

17. Any claim not explicitly dismissed with prejudice may be the subject of a motion for leave to amend, filed within 14 days of the date of this order, which will attach a proposed pleading and a memorandum in support. Any party opposing the filing of the amended pleading will file a response, with a memorandum in support, within 7 days of the date the proposed amended pleading and its supporting memorandum is filed. In the event a motion for leave to amend is not filed within 14 days, any party may move for an order dismissing the claim with prejudice.

18. The parties are encouraged to avoid multiplying causes of action needlessly.

    _s/Richard A. Llroet_____
    HON. RICHARD A. LLORET
    U.S. Magistrate Judge