IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SPEAR, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FENKELL, et al. | : | NO. 13-2391 |

### O R D E R

The parties' have filed motions for summary judgment. *See* Doc. Nos. 496 (Stonehenge Parties), 503 (Alliance Parties), 506 (Fenkell Parties) and 509 (Sefcovic Parties). For the reasons described at length in the Memorandum filed with this Order, it is on this 30th day of September, 2016,

ORDERED

As follows:

1. The parties' motions for summary judgment are DENIED, except as provided in paragraphs two through four, below.

2. The Alliance Parties' motion for summary judgment is GRANTED in the following respects:

   A. It is ESTABLISHED, pursuant to Fed. R. Civ. Pro. 56(f), that Defendant David B. Fenkell violated 29 U.S.C. §§ 1104(a)(1)(A), 1106(a)(1)(D), 1106(b)(1), and 1106(b)(3), by negotiating and accepting fees, through Defendant DBF Consulting LLC, from Defendant Stonehenge Financial Holdings, Inc., concerning the 1999 ESOP loan transaction closed in September of 1999. Because genuine issues of material fact exist concerning defenses asserted by Mr. Fenkell, summary judgment as to these violations is DENIED.

      B.      It is ESTABLISHED, pursuant to Fed. R. Civ. Pro. 56(f), that Defendant David B. Fenkell violated his state law fiduciary duty of prudence on and after August 2011, by causing Alliance to enter into a consulting agreement with SLMRS, as alleged in the tenth claim for relief (Doc. No. 68). Because genuine issues of material fact exist concerning defenses asserted by Mr. Fenkell, summary judgment as to these violations is DENIED.

      B.      Summary judgment is GRANTED, dismissing Mr. Fenkell's contribution claims against the Alliance Parties, contained in the second cause of action of Fenkell's Answer to the First Amended Complaint, Statement of Additional Defenses, Counter Claims, and Third-Party Complaint (Doc. No. 168).

      C.      Summary judgment is GRANTED, dismissing Mr. Fenkell's third-party claim asserting prohibited transactions by Barbie Spear, contained in the third cause of action of Fenkell's Answer to the First Amended Complaint, Statement of Additional Defenses, Counter Claims, and Third-Party Complaint (Doc. No. 168).

      D.      Mr. Fenkell's motion to amend his pleading (Doc. No. 314) to allege a tenth third-party claim asserting the breach of a state law fiduciary duty by Alliance directors, which was reserved for resolution at the summary judgment stage, is DENIED.

      E.      Summary judgment is GRANTED, dismissing Mr. Fenkell's eleventh third-party claim against several Alliance parties, alleging breach of a duty to monitor, which is contained in Doc. No. 168.

    2.    The Fenkell Parties' motion for summary judgment is GRANTED, dismissing the Alliance Parties' thirteenth and fourteenth claims for relief for civil conspiracy, which are contained in Doc. No. 68.

      3.      The Sefcovic Parties' motion for summary judgment is GRANTED, dismissing the Alliance Parties' thirteenth claim for relief for civil conspiracy, contained in Doc. No. 68.

      4.      The Stonehenge Parties' motion for summary judgment is GRANTED, in the following respects:

          A.      Summary judgment is GRANTED, dismissing the "veil-piercing" theory of liability against individual Stonehenge Parties, alleged in the First Amended Complaint, Doc. No. 68.

          B.      Summary judgment is GRANTED, dismissing the Alliance Parties' fourteenth claim of relief for civil conspiracy, contained in Doc. No. 68.

                              **BY THE COURT:**

                                *s/Richard A. Lloret*_____
                                **RICHARD A. LLORET**
                                **UNITED STATES MAGISTRATE JUDGE**