IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SPEAR, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FENKELL, et al. | : | NO. 13-2391 |

## MEMORANDUM

The Stonehenge Parties have moved to exclude the testimony of plaintiff's expert witness, Michael Mittleman, under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Doc. No. 627. The Alliance Parties have opposed this motion. Doc. No. 657.

The Third Circuit requires three things of an expert's opinion before it can be admitted under Rule 702: "qualification, reliability and fit." *Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). First, to be qualified, the expert must "possess specialized expertise." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008). This means, at a minimum, "skill or knowledge greater than the average layman." *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000) (citing *Daubert* 509 U.S. at 593). Stonehenge complains that Mittleman has no expertise in tax-preferred transactions or so-called "Spread Transactions" of the type used by Alliance in this case. Doc. No. 627-1, at 10. Alliance points out that Mittleman does have skill or knowledge "greater than the average layman" with regard to structured transactions and asset-backed securities transactions. *See* Doc. No. 657, at 8. Alliance takes the position that Mittleman's opinion concerns a period of time after 1999, when Stonehenge's services concerned loan servicing, not the design of a complex ERISA transaction. *See* Doc. No. 657, at 6.

1

I find that Mittleman is sufficiently qualified in the area of structured transactions and asset-backed securities. The trial is expected to reveal that Stonehenge supplied different kinds of services, including those within Mittleman's expertise. The weight I give to Mittleman's testimony will depend on my findings of fact about exactly what services Stonehenge provided, and when.

Second, as for reliability, Stonehenge complains that Mittleman's opinion is not based on a scientific methodology buttressed by a survey of the literature. Doc. No. 627-1, at 9-10. Yet when discussing practical business matters, rather than academic theories, reliability "depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *States v. Fernwood Hotel & Resort*, 2014 WL 198568, at *3 (M.D. Pa. Jan. 15, 2014) (quoting *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000)); s*ee also Schneider*, 320 F.3d at 406 (explaining that a cardiologist's experience rendered his testimony reliable). The case is about financial transactions. There are sufficient indicia of reliability in Mittleman's experience, and in his application of that experience to the facts of this case, to warrant permitting his testimony. The Stonehenge Parties will be free to exploit any potential weaknesses through cross-examination at trial.

Third, I turn to "fit." Much of what Stonehenge had to say about Mittleman's qualifications focused on "fit." "Fit" measures the connection – or lack of it – between the expertise or learning being proffered and the disputed facts in the case. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742–43 (3d Cir. 1994) (citations omitted). At least part of the services provided by Stonehenge seem to come within Mittleman's area of expertise. "Fit" does not mean "perfect" fit, nor does it mean "fit" for every issue

that may come up at trial. So long as the testimony reasonably promises to assist the trier of fact, it "fits." *Id.*

Finally, I note this is a bench trial. I choose to follow Judge Pollock's reasonable admonition, in *Alco Industries, Inc. v. Wachovia Corp.*, 527 F. Supp. 2d 399, 405 (E.D. Pa. 2007):

> Because this case arises under ERISA, a statute grounded primarily in equity, it will not be tried before a jury. *See Motor Carriers Labor Advisory Council v. Trucking Mgmt., Inc.,* 731 F.Supp. 701, 703 (E.D.Pa. 1990). In the context of preparing for a bench trial, it is not necessary to apply the *Daubert* standard with full force in advance of trial. *See In re Salem,* 465 F.3d 767, 777 (7th Cir. 2006) ("Where the gatekeeper and the factfinder are one and the same—that is, the judge—the need to make such decisions prior to hearing the testimony is lessened.").

I will deny Stonehenge's motion to exclude Mr. Mittleman's opinion.

**BY THE COURT:**

s/Richard A. Lloret
_____
**RICHARD A. LLORET
UNITED STATES MAGISTRATE JUDGE**

3