IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SPEAR, et al.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **FENKELL, et al.** | : | **NO. 13-2391** |

## MEMORANDUM

      The Fenkell Parties have moved to exclude expert testimony from Samuel Halpern, Michael Mittleman, and Nick Bubnovich, under under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Doc. No. 635. The Alliance Parties have opposed this motion. Doc. No. 658.  For the reasons explained below, I will deny the motion.

      The Third Circuit requires three things of an expert's opinion before it can be admitted under Rule 702: "qualification, reliability and fit." *Schneider v. Fried*, 320 F.3d 396 404 (3d Cir. 2003). The Fenkell Parties focus their attack against all three experts on reliability. The purpose of the reliability requirement "is to make certain an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999) (emphasis added). Reliability is not a high standard. *In re TMI Litig.*, 193 F.3d 613, 665 (3d Cir. 1999) (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994)). To a lesser extent, the Fenkell Parties also attack the "fit" of the experts' testimony. I will deny the motion to exclude as to all three expert witnesses.

1

**Samuel Halpern**

>As for Mr. Halpern, the Alliance Parties proffer three opinions:
>
>As set forth in his opening report, Halpern will offer three overall opinions in this case: (A) "Mr. Fenkell's process for engaging Stonehenge on behalf of the ESOP and Alliance was not reasonable, in light of applicable standards and practices for investment due diligence by fiduciaries"; (B) "The terms of the Stonehenge Agreements—including but not limited to the structure and amount of fees the ESOP and Alliance agreed to pay Stonehenge (reflected in the Fee Agreements)—were not reasonable"; and (C) "DBF's receipt of fees from Stonehenge was not reasonable in light of applicable investment standards and practices for fiduciaries." (See Daubert-19.)

Doc. No. 658, at 18. The Alliance Parties assert that Mr. Halpern's opinions are grounded in his more than three decades of experience as an investment professional and practicing attorney concentrating in ERISA regulated investments. *Id.* The Fenkell Parties allege that Halpern's testimony is unreliable because it is based "solely on his subjective belief and unsupported speculation." Doc. No. 635 at 10. As a result, the Fenkell parties urge that Mr. Halpern's testimony is not relevant and is not helpful to the finder of fact. *Id.*

When discussing practical business matters, rather than academic theories, reliability "depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *States v. Fernwood Hotel & Resort*, 2014 WL 198568, at *3 (M.D. Pa. Jan. 15, 2014) (quoting *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000)); s*ee Schneider*, 32o F.3d at 406 (explaining that a cardiologist's experience rendered his testimony reliable). This case is about financial transactions. There are sufficient indicia of reliability in Halpern's experience, and in his application of that experience to the facts of this case, to warrant permitting his testimony. The Fenkell Parties will be free to exploit any potential weaknesses through cross-examination at trial.

**Michael Mittleman**

I have opined that Mr. Mittleman's testimony need not be excluded, in denying the Stonehenge Parties' motion to exclude his testimony (Doc. No. 627). I adopt the same reasoning in denying the Fenkell Parties' motion to exclude Mr. Mittleman's testimony. I find that Mr. Mittleman is qualified and that the testimony is reliable. His testimony appears to be reasonably based on his years of experience in structured transactions and asset-backed securities transactions. His testimony and expertise also appear to fit at least part of the services supplied by the Stonehenge Parties. In short, it appears reasonably likely that Mr. Mittleman's testimony will assist the trier of fact. Rule 702.

**Nick Bubnovich**

The Alliance Parties intend to proffer the testimony of Mr. Bubnovich for the proposition that (1) Mercer was not independent insofar as Alliance management, and not the Compensation Committee, hired Mercer; and (2) the Compensation Committee should have been informed about the DBF Consulting payments in approving Fenkell's compensation. Doc. 658 at 5. The Fenkell Parties argue that Bubnovich's testimony is not reliable "because it is based on subjective belief rather than authoritative materials." Doc. No. 635 at 12-14.

As discussed above, reliability concerning practical business matters depends primarily on knowledge and experience of the expert, and not on methodology. Mr. Bubnovich's experience as a compensation consultant and his application of that experience to the facts of this case, lend itself to sufficient reliability.

Finally, I note this is a bench trial. I choose to follow Judge Pollock's reasonable admonition, in *Alco Industries, Inc. v. Wachovia Corp.*, 527 F. Supp. 2d 399, 405 (E.D. Pa. 2007):

> Because this case arises under ERISA, a statute grounded primarily in equity, it will not be tried before a jury. *See Motor Carriers Labor Advisory Council v. Trucking Mgmt., Inc.,* 731 F.Supp. 701, 703 (E.D.Pa.1990). In the context of preparing for a bench trial, it is not necessary to apply the *Daubert* standard with full force in advance of trial. *See In re Salem,* 465 F.3d 767, 777 (7th Cir.2006) ("Where the gatekeeper and the factfinder are one and the same—that is, the judge—the need to make such decisions prior to hearing the testimony is lessened.").

I will deny the Fenkell Parties' motion to exclude.

                                      **BY THE COURT:**

                                  *s/Richard A. Lloret*
                                  **RICHARD A. LLORET**
                                  **UNITED STATES MAGISTRATE JUDGE**