IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SPEAR, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FENKELL, et al. | : | NO. 13-2391 |

**O R D E R**

The parties' have filed motions for reconsideration of this Court's Memorandum and Order dated September 30, 2016, deciding the parties motions for summary judgment. See Doc. Nos. 599 (Stonehenge Parties), 602 (Fenkell Parties), and 603 (Sefcovic Parties). The Alliance Parties moved for Clarification of the September 30, 2016 Order (Doc. No. 601). The Alliance Parties also moved to strike certain portions of the Fenkell and Sefcovic Parties' arguments in response to the Alliance Parties motion to clarify (Doc. No. 620)[1]. For the reasons described in the Memorandum filed with this Order, it is on this 29th day of December, 2016,

ORDERED

As follows:

    1.    That the Stonehenge Parties' motion for reconsideration is DENIED;

    2.    That the Sefcovic Parties' motion for reconsideration is DENIED except as provided in paragraph "A" below.

        A. The Sefcovic Parties' motion for reconsideration to permit the Sefcovic Parties to argue facts relating to the Advisory Services Agreement (ASA) is granted. In Section IV(b)(ii)(2) of the September 30, 2016 Memorandum, I held that, pursuant to Fed. R. Civ. Pro. 56(f), David B. Fenkell breached his fiduciary duty of prudence to

---

[1] As discussed in the Memorandum filed with this Order, the Alliance Parties' motion to strike the Fenkell and Sefcovic Parties' opposition papers is improper. I treat Alliance's motion to strike as a reply brief to, and deny the motion to strike in paragraph 5, below.

Alliance with respect to entry into the ASA. I decline to treat any facts relating to the ASA as established under Rule 56(g), because many of the facts relating to the ASA will bear on defenses asserted by the Sefcovics at trial.

3. That the Fenkell Parties' motion for reconsideration is DENIED;

4. That the Alliance Parties' motion for clarification is decided as follows:

A. Fenkell's motion to permit a proposed third-amended third-party complaint (Doc. No. 445) is DENIED in its entirety.

B. Fenkell's second cause of action for contribution against the Alliance Parties is dismissed only insofar as it relates to the *Chesemore* action.

C. Alliance's request for clarification, which amounts to a request for summary judgment on new grounds, dismissing Fenkell's fourth, fifth, and eighth third-party claims based on his lack of standing as an ESOP participant, is DENIED.

D. Alliance's request for summary judgment as to Stonehenge's state law claim for contribution from the Alliance Parties was DENIED in my Order, *see* Doc. No. 591, at paragraph 1, for reasons I have explained in the Memorandum filed with this Order.

5. The Alliance Parties' Motion to Strike is DENIED.

                            **BY THE COURT:**

                            *s/Richard A. Lloret*_____
                            **RICHARD A. LLORET**
                            **UNITED STATES MAGISTRATE JUDGE**